IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LACY EARL ADAMS, ID # 585288,    )<br>   Petitioner,    )<br>vs.    )<br>    )<br>DOUGLAS DRETKE,[1] Director,    )<br>Texas Department of Criminal    )<br>Justice, Correctional Institutions Division,    )<br>   Respondent.    ) | No. 3:03-CV-1604-D |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B. Parties:** Petitioner is a state inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**C. Procedural History:** On April 10, 1991, petitioner pled guilty to aggravated assault in Dallas County and was sentenced to twenty-five years imprisonment. (Pet. Writ of Habeas Corpus (Pet.) at 2.) Although he did not appeal the conviction, he filed a state application for writ of habeas corpus on or about August 6, 2002. (*Id.* at 3.) The Texas Court of Criminal Appeals denied that application without written order on October 30, 2002. *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/Event.asp?EventID=1909393 (accessed Apr. 11, 2005) (showing WR-15,800-02 denied on that date).

---

[1] On August 1, 2003, the Texas Department of Criminal Justice - Institutional Division became the Texas Department of Criminal Justice - Correctional Institutions Division, and Douglas Dretke became the Director of the renamed division. The Court thus substitutes him for the named respondent Janie Cockrell. *See* Fed. R. Civ. P. 25(d)(1).

On or about July 16, 2003,[2] petitioner commenced this action by filing the instant federal petition for writ of habeas corpus. (Pet. at 1.) He claims he is being held unlawfully because (1) the indictment in Cause No. F91-59683-J is fundamentally defective and thus void; (2) the trial court lacked jurisdiction due to the void indictment; and (3) the indictment contained a void enhancement paragraph. (Pet. at 7.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D)

---

[2] Under the prison mailbox rule, a federal habeas petition is deemed filed when the prisoner delivers the petition to prison authorities for mailing to the court. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). The record does not reflect when petitioner tendered his undated petition to the prison authorities for mailing. The Court therefore uses the date of receipt, July 16, 2003, as the date of filing. As demonstrated below, the exact date of filing does not affect the limitations analysis in this instance.

the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

The Court determines that the facts supporting petitioner's claims became known or could have become known through the exercise of due diligence prior to the enactment of the AEDPA. He challenges a 1991 conviction. Through the exercise of due diligence he should have learned the factual basis for his claims well before the enactment of AEDPA in 1996.

Petitioner's conviction also became final prior to the enactment of the AEDPA. It became final in May 1991, thirty days after he pled guilty and was sentenced, and failed to appeal. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (noting that a conviction becomes final under Texas law thirty days after the defendant pled guilty and failed to file an appeal).

When a conviction became final before the enactment of the AEDPA, the petitioner has "one year following the effective date of the Act, April 24, 1996, in which to file a federal petition for a writ of habeas corpus." *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The one-year period of limitations does not apply prior to its effective date. Thus, no time may be counted against an inmate prior to the date the AEDPA was signed into law, April 24, 1996. Petitioner is entitled to the one-year grace period. However, in the absence of tolling, the grace period ended on April 24, 1997.

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added); *see also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application). In this instance, petitioner filed his state application in August 2002,

3

after the statutory limitations and grace period had already expired. Accordingly, the statutory tolling provision does not save the federal petition filed in July 2003. Further, nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). The instant action should therefore be deemed untimely.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 20th day of April, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE